# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:17-CV-0096-RJC-DSC

| | |
|---|---|
| BLAIR COLEMAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| HEATHER WILSON, Secretary of the Air Force, | ) ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND RECOMMENDATION

**THIS MATTER** is before the Court on "Defendant's Motion to Dismiss [for Lack of Subject Matter Jurisdiction]" (document #6), as well as the parties' briefs and exhibits.

On January 31, 2018, this Motion was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1).

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that "Defendant's Motion to Dismiss [for Lack of Subject Matter Jurisdiction]" (document #6) be granted, as discussed below.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff seeks an injunction pursuant to the Administrative Procedure Act (APA), 5 U.S.C. §§ 701 et seq., awarding him a disability retirement pension. On October 24, 2005, Plaintiff was medically separated from the United States Air Force for an anxiety disorder. At the time, he was a staff sergeant on active duty. Plaintiff's medical condition arose from his deployment to Iraq in 2004, where he witnessed another service member being severely injured during a mortar attack.

As a result, Plaintiff was entered into the Disability Evaluation System process. His claim was forwarded to an Informal Physical Evaluation Board (IPEB) to determine whether his diagnosis for anxiety disorder made him unfit for military duty. On September 9, 2005, the IPEB concluded that Plaintiff was unfit for military duty and assigned him a disability rating of ten percent.

In 2008, Congress passed the National Defense Authorization Act which mandated retroactive consideration of earlier claims under new regulations related to post-traumatic stress disorder. These determinations were made by the Physical Disability Board of Review (PDBR).

On April 16, 2011, Plaintiff requested a hearing before the PDBR, stating "I should have been medically retired. I was a career airman planning on making the Air Force my career. I feel 10% is unfair considering I'm still suffering from symptoms." On May 17, 2012, the PDBR affirmed the ten percent rating and denied Plaintiff's claim.

Plaintiff filed this action on June 8, 2017.

On August 11, 2017, Defendant moved to dismiss arguing that this Court lacks subject matter jurisdiction. Defendant asserts that Plaintiff is bringing a monetary claim and thus the Tucker Act, 28 U.S.C. § 1491; 5 U.S.C. § 702 (limiting APA relief to something "other than money damages") provides an adequate remedy. The Court of Federal Claims has exclusive jurisdiction over such monetary claims against the United States where it is apparent on its face that the amount demanded exceeds $10,000.

Defendant's Motion has been fully briefed and is ripe for determination.

## II. DISCUSSION

Federal district courts are courts of limited jurisdiction. United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009). "They possess only that power authorized by Constitution and statute." Randall v. United States, 95 F.3d 339, 344 (4th Cir. 1996). "Thus, when a district court

lacks subject matter jurisdiction over an action, the action must be dismissed." <u>Vuyyuru</u>, 555 F.3d at 347.

The existence of federal subject matter jurisdiction is a threshold issue, <u>Jones v. Am. Postal Workers Union</u>, 192 F.3d 417, 422 (4th Cir.1999), and a challenge to the court's subject matter jurisdiction is properly considered on a motion under Fed. R. Civ. P. 12(b)(1). <u>Clinton v. Brown</u>, No. 3:15-cv-0048-FDW-DSC, 2015 WL 4941799 (W.D.N.C. Aug. 19, 2015).

The burden of establishing federal subject matter jurisdiction rests on the party asserting the existence of jurisdiction. <u>Adams v. Bain</u>, 697 F.2d 1213, 1219 (4th Cir.1982). The moving party should prevail on a motion to dismiss for lack of federal jurisdiction if material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. <u>Richmond, Fredericksburg & Potomac R.R. Co. v. U.S.</u>, 945 F.2d 765 (4th Cir. 1991).

In determining whether a factual basis for subject matter jurisdiction exists for purposes of deciding a Rule 12(b)(1) motion to dismiss, the court is to regard allegations in the pleadings as "mere evidence on the issue," and may consider evidence outside the pleadings without converting the motion to one for summary judgment. <u>RF&P RR. Co.</u>, 945 F.2d at768; F.R.C.P. 12(d). "A trial court may consider evidence by affidavit, depositions or live testimony without converting the proceeding to one for summary judgment." <u>Adams</u>, 697 F.2d at 1219 (citations omitted).

A service member may be entitled to retirement benefits or medical severance pay if he becomes disabled while on active duty. 10 U.S.C. §§ 1201- 1221. The Secretary of each service is authorized to place members in disability retirement status upon a finding that the member was unable to perform military duties by reason of disability while on active duty. 10 U.S.C. § 1201. A member is placed on the Temporary Disability Retired List for a period not to exceed five years if the disability is not considered permanent. 10 U.S.C. § 1210. If the disability is considered permanent and rated as thirty percent disabling or higher, the member is placed in permanent retired status. 10 U.S.C. § 1201. If less than thirty percent, the member is only entitled to medical severance pay. 10 U.S.C. § 1203.

An APA claim can proceed here only when there is "no other adequate remedy in a Court." 5 U.S.C. § 704. APA claims are also limited to relief "other than money damages." 5 U.S.C. § 702. "In other words, 'if a Tucker Act suit in the Court of Federal Claims provides an adequate remedy, APA review in the district court is not available.'" James v. Caldera, 159 F.3d 573, 578-79 (Fed. Cir. 1998) quoting National Ctr. for Mfg. Sciences v. United States, 114 F.3d 196, 199 (Fed. Cir. 1997); see also Alford v. Mabus, 2015 U.S. Dist. LEXIS 81192, *7, 2015 WL 3885730 (E.D.N.C. June 23, 2015) (dismissing case for lack of subject matter jurisdiction because Court of Federal Claims provided adequate remedy). As reasoned in Hoffler v. Hagel, this Court must look to the "essence of the complaint." 122 F. Supp. 3d 438, 443 (E.D.N.C. 2015) quoting Randall v. United States, 95 F.3d 339, 347 (4th Cir. 1996). Hoffler relies on the proposition that the Court's "inquiry does not end with the words of the complaint, however instructive they may be, for we still must look to the true nature of the action in determining the existence or not of jurisdiction." Id. quoting James, 159 F.3d at 579 (internal quotation omitted).

Applying those legal principles here, the essence of Plaintiff's Complaint is a monetary claim that should have been brought in the Court of Federal Claims under the Tucker Act. Hannah v. United States Air Force, 2009 U.S. Dist. LEXIS 123096, *7 (D.S.C. Dec. 7, 2009) (if plaintiff was "attempting to obtain back pay or retirement pay," the Tucker Act provides such a remedy). This is true regardless of whether Plaintiff will qualify for the relief he seeks. Mitchell v. United States, 930 F.2d 893, 897 (Fed. Cir. 1991) (claim seeking reinstatement was monetary claim that should be brought in Court of Federal Claims because Court had ability to grant remedy, regardless of whether plaintiff would actually receive remedy); see also Reaves v. Hagel, 2013 U.S. Dist. LEXIS 151022 (E.D.N.C. 2013) (transferring claim for military disability retirement to Court of Federal Claims anticipating that it might be dismissed due to the statute of limitations).

For those reasons, the undersigned respectfully recommends that the Motion to Dismiss be granted.

### III. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that "Defendant's Motion to Dismiss" (document #6) be **GRANTED** and this matter be **DISMISSED** for lack of subject matter jurisdiction.

### IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED AND ORDERED.**

Signed: March 2, 2018

David S. Cayer
United States Magistrate Judge