UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:17-cv-00096-RJC-DSC

| | |
|---|---|
| BLAIR COLEMAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> HEATHER WILSON, ) <br> Secretary of the Air Force, ) <br> ) <br> Defendant. ) <br> _____ ) | <u>ORDER</u> |

**THIS MATTER** comes before the Court on Heather Wilson's ("Defendant's") Motion to Dismiss for Lack of Jurisdiction or Failure to State a Claim, (Doc. No. 6); her Memorandum in Support, (Doc. No. 6-1); Blair Coleman's ("Plaintiff's") Response in Opposition, (Doc. No. 12); Defendant's Reply, (Doc. No. 14); and the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 15), recommending the Court grant Defendant's Motion. Both Defendant and Plaintiff have filed timely objections. (Doc. Nos. 16, 17). Defendant also filed a timely reply to Plaintiff's objection on March 30, 2018. (Doc. No. 18). The Motion is now ripe for the Court's consideration.

I.   **BACKGROUND**

No party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Therefore, the Court adopts the facts as reproduced below.

Plaintiff seeks an injunction pursuant to the Administrative Procedure Act (APA), 5 U.S.C. §§ 701 et seq., awarding him a disability retirement pension. On October 24, 2005, Plaintiff was medically separated from the United States Air Force for an anxiety disorder. At the time, he was a staff sergeant on active duty. Plaintiff's medical condition arose from his deployment to Iraq in 2004, where he witnessed another service member being severely injured during a mortar attack.

As a result, Plaintiff was entered into the Disability Evaluation System process. His claim was forwarded to an Informal Physical Evaluation Board (IPEB) to determine whether his diagnosis for anxiety disorder made him unfit for military duty. On September 9, 2005, the IPEB concluded that Plaintiff was unfit for military duty and assigned him a disability rating of ten percent.

In 2008, Congress passed the National Defense Authorization Act which mandated retroactive consideration of earlier claims under new regulations related to post-traumatic stress disorder. These determinations were made by the Physical Disability Board of Review (PDBR).

On April 16, 2011, Plaintiff requested a hearing before the PDBR, stating "I should have been medically retired. I was a career airman planning on making the Air Force my career. I feel 10% is unfair considering I'm still suffering from symptoms." On May 17, 2012, the PDBR affirmed the ten percent rating and denied Plaintiff's claim.

Plaintiff filed this action on June 8, 2017.

On August 11, 2017, Defendant moved to dismiss arguing that this Court lacks subject matter jurisdiction. Defendant asserts that Plaintiff is bringing a monetary claim and thus the Tucker Act, 28 U.S.C. § 1491; 5 U.S.C. § 702 (limiting APA relief to something "other than money damages") provides an adequate remedy. The Court of Federal Claims has exclusive jurisdiction over such monetary claims against the United States where it is apparent on its face that the amount demanded exceeds $10,000.

## II.  STANDARD OF REVIEW

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) & (B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). De novo review is also not required "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Similarly, when no objection is filed, "a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond

v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, advisory committee note).

III. DISCUSSION

Plaintiff comes before the Court pursuant to the APA seeking an injunction mandating the PDBR correct his discharge records to reflect medical retirement by reason of permanent disability. (Doc. No. 1 at 14). Defendant, however, states that the Court lacks subject matter jurisdiction and that it is the Court of Federal Claims ("CFC") that Plaintiff should take his Complaint. (Doc. Nos. 6, 6-1).

The APA allows private parties to sue the federal government in district court over final agency actions. To establish jurisdiction under the APA, Plaintiff must prove: (1) he seeks relief other than money damages, and (2) there is no other adequate remedy. 5 U.S.C. §§ 702, 704; Hoffler v. Hagel, 122 F. Supp. 3d 438, 442 (E.D.N.C. 2015), aff'd in part, dismissed in part sub nom. Hoffler v. Mattis, 677 F. App'x 119 (4th Cir. 2017) (citing Bowen v. Massachusetts, 487 U.S. 879, 891 (1988); James v. Caldera, 159 F.3d 573, 578–79 (Fed.Cir.1998)).

In his M&R, the Magistrate Judge recommended the Court grant Defendant's Motion. In doing so, the Magistrate Judge concluded that "the essence of Plaintiff's Complaint is a monetary claim that should have been brought in the Court of Federal Claims under the Tucker Act." (Doc. No. 15 at 4). The Court agrees. Under the Tucker Act, the CFC "render[s] judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United

States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). While the Tucker Act does not, on its face, grant the CFC equitable power, it does "authorize courts to award injunctive relief in limited circumstances, when such relief is necessary to provide an entire remedy and when the injunction is 'an incident of and collateral to' an award of monetary relief." Randall v. United States, 95 F.3d 339, 346-47 (4th Cir. 1996) (citing 28 U.S.C. § 1491(a)(2)). As such, the CFC may provide claimants with an "entire remedy," including "restoration to office or position, placement in appropriate duty or retirement status, and correction of applicable records." 28 U.S.C. § 1491(a)(2); see also Mitchell v. United States, 930 F.2d 893, 896 (Fed. Cir. 1991) (finding the CFC, not the district court, as the proper forum for a former employee of the Air Force to correct his records and become eligible for benefits).

There is no question that Plaintiff seeks equitable relief through his Complaint. But the analysis does not stop there. The Court must look to the "essence" of the complaint. Hoffler, 122 F. Supp. 3d at 443 (citing Randall, 95 F.3d at 347), inquiring as to the "true nature of the action in determining the existence or not of jurisdiction." James v. Caldera, 159 F.3d 573, 579 (Fed. Cir. 1998) (quoting Katz v. Cisneros, 16 F.3d 1204 (Fed. Cir. 1994)).

Here, the true nature of Plaintiff's Complaint takes a monetary form. This is obvious from the front page of Plaintiff's Complaint. (Doc. No. 18 1–2). In his first sentence, Plaintiff states, "This case arises from the Physical Disability Board of Review (PDBR)'s refusal to recognize the extent of Plaintiff Blair Coleman's service-

connected disability, thereby depriving him of military disability *retirement pay* and other benefits." (Doc. No. 1 at 1) (emphasis added).  Plaintiff then goes on to say that the 10% disability rating he received "meant that he received only a single lump-sum severance payment, rather than the monthly retirement payments and other benefits to which he would have been entitled with a higher rating." (Id. at 2).

It is obvious that Plaintiff's Complaint seeks monetary relief.  Injunctive relief is merely a means to a monetary-based end.  Although Plaintiff relies on Kidwell v. Department of the Army, Bd. for Corrections of Military Records, 56 F.3d 279 (D.C. Cir. 1995), and Smalls v. United States, 471 F.3d 186 (D.C. Cir. 2006), for the proposition that the Court should not look past the equitable relief sought in his Complaint, those cases from the D.C. Circuit are not binding upon this Court and are far too narrow of an interpretation of the standard described above. (Doc. Nos. 12 at 8–9; 17 at 2).  Furthermore, although Plaintiff argues that "benefits" encompass more than mere monetary interests, he nonetheless admits that those benefits include Combat-Related Special Compensation, "a DoD supplement to [Plaintiff's] VA disability pay." (Doc. No. 12 at 9).  The Court therefore agrees with the Magistrate Court's recommendation granting Defendant's Motion.  This claim belongs in front of the CFC.

In his memorandum, Plaintiff argues that the jurisdiction before the Court is proper because he is not likely entitled to past-due retirement benefits. (Doc. No. 12 at 9).  The Magistrate Judge found that Plaintiff's claim belonged in the CFC, "regardless of whether Plaintiff will qualify for the relief he seeks." (Doc. No. 15 at

4). In making this conclusion, the Magistrate Judge quotes Mitchell v. United States. 930 F.2d 893, 897 (Fed. Cir. 1991). (Id.). Plaintiff cannot hide monetary claims under the guise of injunctive relief to gain access to the district court. Whether Plaintiff qualifies for the relief he seeks or not, this case is well within the purview of the CFC. See, e.g., Jeun v. United States, 128 Fed. Cl. 203, 209 (2016) (featuring a plaintiff who "requests that the court reverse the decision of the PDBR and revise plaintiff's record so as to indicate that plaintiff was medically retired and eligible for disability retirement pay."); Hatmaker v. United States, 117 Fed. Cl. 560, 565 (2014) (featuring a plaintiff who "argues for an increased disability rating which would qualify him for a disability retirement, rather than the disability separation that he received" and "seeks payment of the pay and benefits to which he would be entitled with a disability retirement.").

**IV.**     **CONCLUSION**

     **IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's M&R, (Doc. No. 15), is **ADOPTED**;
2. Defendant's Motion to Dismiss, (Doc. No. 6), is **GRANTED**; and
4. The Clerk of Court is directed to close this case.

Signed: March 31, 2018

Robert J. Conrad, Jr.
United States District Judge